# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Civil Action No. 22-cv-291 (ECT/HB)

RECEIVED
JAN 31 2022
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

KYLE RICHARD GREENE )
KRYSTLE LYNN GREENE )   Complaint for Violation of the Americans
) with Disabilities Act
Plaintiffs, )
) Jury Trial Demand
v. ) Fed. R. Civ. P. 38(b)
)
MEEKER COUNTY )
DEPARTMENT OF HUMAN )
SERVICES (DHS) )
Defendant. )

## STATEMENT OF THE CASE

This is an action under the Americans with Disabilities act, 42 U.S.C. §12101-122132 for declaratory and injunctive relief.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. 1981, 1983, 1985, and 12101-122132. This court also has jurisdiction over this action pursuant to 28 U.S.C. §1331.

## PARTIES

2. Plaintiff Kyle Greene, is a private citizen residing in the State of Minnesota at 52508 U.S. Highway 12. Grove City, MN 56243.

1



3. Plaintiff Krystle Greene, is a private citizen residing in the State of Minnesota at 52508 U.S. Highway 12. Grove City, MN 56243.

4. Defendant Department of Human Services (DHS) is a public entity under 42 U.S.C. §12131 with an address of 114 North Holcombe STE 180 Litchfield, MN 55355.

## STATEMENT OF FACTS

5. On January 17, 2022 the Minnesota Department of Public Safety sent a Notice of Suspension to Plaintiff Kyle Greene stating their intent to suspend plaintiff's driver's license as of February 1, 2022, based upon the instruction of defendant.

6. Defendant's reasoning alleges that plaintiff has failed to comply with DHS payment agreement.

7. According to DHS' previous testimony there is no payment agreement. The basis for the threatened suspension has no merit.

8. Meeker County (DHS) is well aware that Plaintiff Krystle Greene is considered 100% disabled and that her husband and plaintiff Kyle Greene is her sole care giver.

9. DHS is attempting to interfere with Mr. Greene's career by illegally suspending his driver's license after the county learned that, plaintiff Greene has been working diligently towards his career goal of becoming a martial arts instructor.

10. This action suggests Defendant DHS' premeditation in their deprivation of Mr. Greene's right to earn a living as well as attacking both plaintiffs mental health and disability statuses under the Americans with Disability Act. As recently as of July 2, 2021, Meeker County was reminded that Mr. Greene struggles with a form of PTSD called LAS as well as depression. See District Court File #47-FA-06-1600.

11. In that district court hearing, Mr. Greene informed the court that he had worked with the state to enroll in college courses[1] and that he also returned to school to become a Taekwondo instructor and was on track to open his own martial arts school in the spring of 2022.

12. Now that the spring of 2022 is right around the corner, Defendants are again interfering with Mr. Greene's ability to secure gainful employment by depriving plaintiff of his property (driver's license) without due process at the expense of depriving his disabled wife of her right to travel for her medical needs.

## LEGAL CLAIMS

### FIRST CAUSE OF ACTION
Violation of the Americans with Disabilities act

---

[1] Due to Meeker County's refusal to recognize the State's college courses in which Mr. Greene enrolled. Mr. Greene has ceased completion of the courses. Apparently neither defendants nor the county court recognize the State program Mr. Greene took part in to aid in obtaining education for his career. Regardless, Mr. Greene's other schooling is recognized globally and Mr. Greene will soon hold certified recognition in the United States and South Korea.

3

13. Plaintiffs incorporate by reference the facts set forth in paragraphs 5-13 as though fully set forth in this cause.

14. A public entity *shall not exclude or otherwise deny equal services, programs, or activities* to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association. See 28 C.F.R §35.130(g)

In accord with the regulatory power which Congress bestowed, the Attorney General adopted the integration mandate, which requires public entities to administer services "in the most integrated setting appropriate to the needs of qualified individuals with disabilities." The preamble to the United States Attorney General's ADA Title II regulations defines that language to mean " 'a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible.' " (Olmstead, supra, 527 U.S. at p. 592, 119 S.Ct. at p. 2183; 28 C.F.R. pt. 35, App. A, p. 487 (1999).)

15. Here, Mrs. Greene is being deprived of her right to life by defendant's threat to suspend the driver's license of her care giver, Mr. Greene's driver's license.

This protection is not limited to those who have a familial relationship with the individual who has a disability. Congress considered, and rejected, amendments that would have limited the scope of this provision to specific associations and relationships. Therefore, if a public entity refuses admission to a person with cerebral palsy and his or her companions, the companions have an independent right of action under the ADA and this section.

## SECOND CAUSE OF ACTION

Violation of Plaintiffs' 14th Amendment right to earn a living

16. Plaintiffs incorporate by reference the facts set forth in paragraphs 5-13 as though fully set forth in this cause.

17. Plaintiff's are comforted by the 8th Circuit's recognition of a citizen's right to earn a living that appears to have existed longer than Defendant's.

> The right to pursue or follow any of the ordinary vocations of life are not created by the constitution or laws of the United States, but are among the inherent and inalienable rights of man, and are, therefore, not dependent for their existence upon the Constitution.

*Butchers' Union v. Cresent City Co.*, 111 U.S. 746; 109 U.S. 3, 13.

> We do recognize due-process protections for driver"s licenses, professional licenses, and other licenses essential to the pursuit of a chosen livelihood, career, or business. See *Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589 (1971) ("[C]ontinued possession [of a driver"s license] may become essential in the pursuit of a livelihood...licenses are not to be taken away without....procedural due process....."); *State v. Saugen*, 283 Minn. 402, 406, 169 N.W.2d 37, 41(1969) (recognizing a protected property right in an assignable and transferable liquor license); *Phillips v. State*, 725 N.W.2d 778, 783 (Minn. App. 2007) (noting that, in many settings, public employees have a constitutionally protected property interest in continued employment); *Humenansky v. Minn. Bd. of Med. Exam'rs*, 525 N.W.2d 559, 566 (Minn. App. 1994) (noting that a license to practice medicine is a constitutionally protected property right), review denied (Minn. Feb. 14, 1995).

*Mertins v. Commissioner of Natural Resources*, 755 N.W.2d 329 (Minn.App. 09/02/2008)

> In so far as a man is deprived of the right to labor his liberty is restricted, his capacity to earn wages and acquire property is lessened, and he is denied the protection which the law affords those who are permitted to work. Liberty means more than freedom from servitude, and the constitutional guarantee is an assurance that the citizen shall be protected in the right to use his powers of mind and body in any lawful calling. See *Arnett v.*

*Kennedy*, 416 U.S. 134 (1974); *Perry v. Sindermann*, 408 U.S. 593 (1972); *Bell v. Burson*, 402 U.S. 535 (1971); *Keyishian v. Board of Regents*, 385 U.S. 589, 605-606 (1967); *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238-239 (1957); *Slochower v. Board of Higher Education*, 350 U.S. 551 (1956); *Wieman v. Updegraff*, 344 U.S. 183 (1952); *Truax v. Raich*, 239 U.S., at 41.

### THIRD CAUSE OF ACTION
### Denial of Due Process of Law

18. Plaintiffs incorporate by reference the facts set forth in paragraphs 5-13 as though fully set forth in this cause.

19. The Due process clause of the Fourteenth Amendment provides: "[Nor] shall any State deprive any person of life, liberty, or property, without due process of law."

20. Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property. E.g. *Bell v. Burson*, 402 U.S. 535 (1971) (suspension of driver's license).

21. *See* Corwin, *The doctrine of due process of law Before the Civil War*, 24 Harv. L. Rev. 336, 368 (1911): Due Process was "intended to secure the individual from the arbitrary exercise of the powers of government," *Hurtado v. California*, 110 U.S. 516, 527 (1884) (quoting Bank of *Columbia v. Okely*, 4 Wheat. 235, 244 (1819)).

22. See also *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government. *Dent v. West Virginia*, 129 U.S. 114, 123 (1889)").

23. By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life, liberty, or property," the Due Process Clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of the procedures used to implement them, e.g., *Rochin v. California*, 342 U.S. 165 (1952), it serves to prevent governmental power from being "used for purposes of oppression," *Murray's Lessee v. Hoboken Land & Improvement Co.*, 18 How. 272, 277 (1856) (discussing Due Process Clause of Fifth Amendment).

## FORTH CAUSE OF ACTION
## Racial discrimination

24. Plaintiffs incorporate by reference the facts set forth in paragraphs 5-13 as though fully set forth in this cause.

25. Published decisions concerning racial discrimination make for reassuring reading:

> Racial discrimination can be the most virulent of strains that infect a society and the illness in any society so affected can be quantified. Exposure to embarrassment, humiliation, and the denial of basic respect can and do cause psychological and physiological trauma to its victims. The disease must be recognized and vigorously eliminated wherever it occurs.
>
> *Edwards v. Jewish Hospital of St. Louis*, 855 F.2d 1345 (8th Cir. 1988).

> *See, e.g., Patterson*, 109 S.Ct. at 2371 ("*Runyon* is entirely consistent with our society's deep commitment to the eradication of discrimination based on a person's race or the color of his or her skin"), id. at 2379 ("The law now reflects society's consensus that discrimination based on the color of one's skin is a profound wrong of tragic dimensions. Neither our words nor our decisions should be interpreted as signaling one inch of retreat from Congress' policy to forbid discrimination in the private, as well as the public, sphere"), id. At 2380 (Brennan, J., concurring in part in the judgment and dissenting in part) (commitment to eradicate discrimination the "product of a national consensus that racial discrimination is incompatible with our best conception of our communal life, and with each individual's rightful expectation that her full participation in the community will not be contingent upon her race"); *Bob Jones Univ. v. United States*, 461 U.S. 574, 593, 103 S.Ct. 2017, 76 L.Ed.2d 157 (1983) ("every pronouncement of this Court and myriad Acts of Congress and Executive Orders attest a firm national policy to prohibit racial segregation and discrimination").

> *Hicks v. Brown Group Inc.*, 902 F.2d 630 (8th Cir. 1990).

> Our court has identified several elements to a claim under §1981, which we divide into four parts for analysis: (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant. See *Green v. Dillard's Inc.*, 483 F.3d 533, 538 (8th Cir. 2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004).

> *Gregory v. Dillard's Inc.*, 565 F.3d 464 (8th Cir. 2009).

26. See also 42 U.S.C. §1983 and §1985.

27. It is imperative that Plaintiffs maintain Mr. Greene's driver's license in order to conduct their daily lives, operate their farm[2] travel to appointments, travel to pick up and drop off their children to and from school, grocery shopping, attending

---

[2] Meeker County does not recognize farming as a bona fide career.

8

school events and extra curricular activities of their children, traveling to and from Mr. Greene's Taekwondo schools in an effort to earn a living in order to support his family.

There are two ways to adjudicate a case:

> Let justice be done though the heavens may fall.
>
> Lord Mansfield in *Rex v. Wilkes*,
> 4 Burrow's Reports 2527, 2562 (1736)

Or:

> A passive judiciary merely ratifies the status quo; instead of acting as a bulwark against undue political power, it becomes an actor in concert with the political branches against the individual.
>
> Bandes, *Reinventing Bivens: The Self-Executing Constitution*,
> 68 So. Cal. L. Rev., 289, 317 (Jan. 1995)

The federal courts could clean up the problem described above, though experience has shown this court is more likely to heed the words of Floyd McKissick when he said, "Law and order really means 'Let's keep the nigger in his place'." *New York Times Encyclopedia Almanac,* 1970.

## Relief Requested

WHEREFORE, Plaintiff's respectfully request the following:

1. This court issue an order to stay the proceedings of any and all suspensions, revocations or withdrawals of plaintiff Mr. Greene's driver's license.

9

2. Issue an order prohibiting defendants from suspending plaintiff Mr. Greene's driver's license so that he may continue to provide the needed care for his wife, family and farm and to enjoy his career.

3. Order defendants to recognize that both plaintiffs meet the standards as set forth in the ADA and to cease all discriminatory and retaliatory actions against plaintiffs and to allow plaintiffs the full enjoyment of all public accommodations as are enjoyed by white, non-disabled individuals.

4. Issue an order prohibiting defendants from interfering with plaintiffs' right to earn a living.

5. Grant such other relief this court deems just, proper and equitable.

Respectfully Submitted,

*/signature/*

Kyle Richard Greene

## VERIFICATION

I verify under penalty of perjury, that I am the Petitioner in the above-entitled action; I have read the above complaint and have knowledge of the facts stated therein, and the matters and things stated there are true and correct, except as to those matters

stated to be on information and belief, and as to those matters I verify as aforesaid that I verily believe them to be true.

Sworn to under penalty of perjury. 28 U.S.C. §1746.

*[signature]*
Kyle Richard Greene